UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCARLETT M. PIPKIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:10-cv-01047-WWE |
| | : | |
| ELAINE CARVALHO, | : | |
| CITY OF BRIDGEPORT, | : | |
|     Defendants. | : | |

### MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This is an action by a homeowner, Scarlett Pipkin, claiming violations of the Fourteenth Amendment to the United States Constitution by the city of Bridgeport and its tax assessor, Elaine Carvalho.  Pipkin, an African-American female, alleges that defendants deprived her of her right to equal protection of the laws by taxing her real property at amounts significantly higher than property owned by similarly situated Caucasian males.  Defendants have moved for summary judgment.  For the following reasons, defendants' motion for summary judgment will be granted.

### BACKGROUND

Pipkin owns real property located at 695 Lakeside Drive in Bridgeport, Connecticut.  On November 11, 2004, the house on the property caught fire and suffered extensive damage to all floors.  Pipkin subsequently built a new home on the same lot.  The new house was completed in 2007.  Pipkin alleges that defendants discriminated against her because of her race and gender by not reducing the property value for tax purposes for the years 2005 – 2007, during the time that the house was being rebuilt.

The burden is on a taxpayer to come forward and notify the assessor if a building is

destroyed and, unless the assessor is notified, no changes are made to the value unless there is a citywide revaluation. Citywide revaluations occurred in 2003 and 2008. From the time her house burned down in 2004 through the 2007 tax year, Pipkin did not appeal her assessment.

After the October 1, 2008 citywide revaluation, Pipkin successfully appealed her 2008 assessment for 695 Lakeside Drive. The assessed fair market value was reduced from $519,457 to $480,000 for 2008 and subsequent years. The Superior Court of Bridgeport approved Pipkin and the City's stipulated judgment that detailed the reduction in fair market value on March 3, 2010.

Carvalho became the tax assessor for the City of Bridgeport on November 25, 2008. Prior to that date, she had no authority to set or make changes to real property values. Other than authorizing the settlement of Pipkin's 2008 appeal, Carvalho has had no interaction with Pipkin concerning the value of the property at 695 Lakeside Drive. Carvalho has never met Pipkin and disclaims having knowledge of Pipkin's race or gender.

Pipkin wrote Carvalho on May 19 and December 18, 2009, requesting a rebate on taxes paid from 2005 – 2007 but did not receive any response.

Pipkin contends that Caucasian male property owners have received more favorable tax assessments from defendants. Specifically, Pipkin has submitted a table alleging that three Caucasian male property owners pay a lower amount in property tax than she does. Only one of the three properties is lakeside, like Pipkin's, and there is no evidence that any of the three properties experienced major damage during the relevant time period. The other lakeside property to which Pipkin compares herself actually paid *more* in property taxes per square foot in 2010-11, and 2011-12 (the only years for which both properties' taxes were listed by Pipkin).

**DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

**Exhaustion of Administrative Remedies**

The Court lacks subject matter jurisdiction to consider challenges to tax assessments where a plaintiff has not exhausted her administrative remedies. Marshall v. Town of Middlefield, 2011 WL 3891679 at *2; see also Kucej v. Town of Watertown, 2005 WL 3047408 at *1-2.

The legislature has implemented a statutory scheme for challenging the assessment of

taxes on personal property. Conn. Gen. Stat. § 12-111. Pursuant to Section 12–111, a taxpayer may administratively appeal an assessment to the local board of assessment appeals. Section 12–111(a) provides in relevant part:

> Any person ... claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to the board of assessment appeals. Such appeal shall be filed, in writing, on or before February twentieth. The written appeal shall include, but is not limited to, the property owner's name, name and position of the signer, description of the property which is the subject of the appeal, name and mailing address of the party to be sent all correspondence by the board of assessment appeals, reason for the appeal, appellant's estimate of value, signature of property owner, or duly authorized agent of the property owner, and date of signature. The board shall notify each aggrieved taxpayer who filed a written appeal in the proper form and in a timely manner, no later than March first immediately following the assessment date, of the date, time and place of the appeal hearing ... An appellant whose appeal will not be heard by the board may appeal directly to the Superior Court pursuant to section 12–117a.

Alternatively, a taxpayer may directly file an action in Connecticut Superior Court to claim that a property has been wrongfully assessed. Conn. Gen. Stat. § 12-119. However, such application must be made within one year from the date as of which the property was last evaluated for purposes of taxation. Id.

From the time her house burned down in 2004 through the 2007 tax year, Pipkin did not appeal her assessment pursuant to Section 12–111, and the instant action is time-barred by Section 12-119's statute of limitations.

Pipkin argues that she exhausted her administrative remedies when she filed her appeal for the 2008 tax year. She contends that the Superior Court's stipulation of judgment regarding that appeal included an agreement that the City of Bridgeport would provide her a "credit for her overpayment of taxes after her home was destroyed by fire." The stipulation contains no such language. The assessed fair market value for 695 Lakeside Drive was reduced from $519,457 to

4

$480,000 for 2008 and subsequent years, but the stipulation does not affect tax assessments for the years 2004 – 2007.

Finally, Pipkin concludes that it is not necessary to exhaust administrative remedies where such process would be futile. However, she makes no effort to explain how or why appeal of her tax assessment would have been futile. Indeed, at her deposition, Pipkin explained that she did not take an appeal prior to 2008 "because [she] didn't know [she] needed to." Pl.'s Dep. 37.

**Equal Protection**

Even if Pipkin could establish that the Court had subject matter jurisdiction, her equal protection claim would fail because there is no genuine issue as to any material fact, and it is clear that defendants are entitled to judgment as a matter of law.

To establish equal protection "selective enforcement" claim, a plaintiff must establish:

> (1) the person, compared with others similarly situated, was selectively treated, and
> (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.

Zahra v. Town of Southold, 48 F.3d 647, 683 (2d Cir. 1995).

"Under the standards of Monell v. Department of Social Services, 436 U.S. 658 (1978), a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012).

The individual property owners that Pipkin cites as comparable to her were not similarly situated because they did not suffer damage to their real property. Moreover, Pipkin has failed to

5

raise a genuine issue of fact as to disparate treatment based on race or gender.

There is no evidence that Carvalho or the City of Bridgeport selectively treated Pipkin because of her race or gender. At her deposition, Pipkin admitted that she had never met Carvalho. Pipkin speculates that Carvalho would have known that Pipkin was African American merely because her last name, "Pipkin," does not end in a vowel. Further, Carvalho was not the tax assessor for the City of Bridgeport until after Pipkin's house was rebuilt in 2007, and Pipkin successfully appealed her 2008 assessment for 695 Lakeside Drive. Likewise, Pipkin has failed to make a sufficient showing that a custom, policy, or usage of the City of Bridgeport deprived her of any rights based on her race or gender. See Jones, 691 F.3d at 80-81 (2d Cir. 2012) (citing Monell). Accordingly, defendants' motion for summary judgment will be granted.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [Doc. # 37] is GRANTED.

Dated this 9th day of May, 2014, at Bridgeport, Connecticut.

        /s/Warren W. Eginton
        WARREN W. EGINTON
        SENIOR UNITED STATES DISTRICT JUDGE